**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDSON TORO** | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-431 ML** |
| | : | |
| **ASHBEL T. WALL, Director,** | : | |
| **Department of Corrections** | : | |
| **Respondent** | : | |

**<u>STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS</u>**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to dismiss petitioner's application for writ of habeas corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN #4438**
**Department of Attorney General**
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

I hereby certify that on the 10th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edson Toro, Pro-Se, at his last known address of P.O. Box 8200, Cranston R.I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EDSON TORO** | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-431 ML** |
| | : | |
| **ASHBEL T. WALL, Director,** | : | |
| **Department of Corrections** | : | |
| **Respondent** | : | |

## STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

### A. Background

On May 7, 1997 Petitioner Edson Toro pled *nolo contendere* to felony assault (R.I.G.L. § 11-5-2) before a Magistrate of the Rhode Island Superior Court, in consideration of a fifteen-year term of incarceration at the Adult Correctional Institution, the first five of those years to serve, the balance suspended with probation. (*Please see* the attached *Criminal Docket Sheet Report* in Case Number P2-1997-1639A.) Some two months later, on July 9, 1997, Petitioner, following a Superior Court probation violation proceeding, was declared by the Superior Court (Fortunato, J.) to be a violator of the suspended/probationary sentence imposed in P2-1997-1639A, and the ten suspended years were executed. (*Id.*) Subsequently, more than seven-and-a-half-years later, on February 24, 2005, Superior Court Justice Fortunato "reduced" to seven-years the ten-year suspended sentence execution he had imposed, on July 9, 1997. The State, on jurisdictional ground, took strong exception to this sentence-reduction action, and filed a timely appeal to the Rhode Island Supreme Court challenging it. At some point

subsequent to February 24, 2005, the Department of Corrections, after some consultation with Assistant Attorneys General, recalculated Petitioner's "good time" (*see* R.I.G.L. § 42-56-24), resulting in Petitioner's release date (on this P2-1997-1639A case) being adjusted from August 1, 2005 to February 10, 2006. Petitioner challenged the Department's recalculation of his good-time credits in the Rhode Island Superior Court (Fortunato, J.) on September 16, 2005, and on September 29, 2005, the Superior Court determined that the Petitioner's, and not the Department of Corrections's, interpretation of the good-time statute as applied to his case was correct. The Department of Corrections subsequently challenged the Superior Court's decision in the Rhode Island Supreme Court, which granted a stay of Justice Fortunato's determination and granted, on October 28, 2005, the Department of Corrections's petition for writ of certiorari to review the challenged ruling. (The Department had also filed a timely notice of appeal of Justice Fortunato's ruling.)

**B. Discussion**

28 U.S.C. § 2254(b) provides, in relevant part, that "[a]n application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State", and subsection (c) of that provision provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has a right under the law of the State to raise, by any available procedure, the question presented."

Because the very action of the Department that the Petitioner is instantly challenging in this federal habeas action is now, on the Department of Corrections's

challenge to the Superior Court's interpretation of R.I.G.L. § 42-56-24 as applied to his case, pending before the Supreme Court of Rhode Island, the State would respectfully suggest that Petitioner has as yet to exhaust his state remedies. The State would moreover submit that principles of abstention (*please see* In re Justices of Superior Court Dept. of Mass., 218 F.3d 11, 16-18 (1st Cir. 2000)("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.' Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).")) would counsel in favor of awaiting the Rhode Island Supreme Court's determination of the issue, prior to any federal resolution of the question.

The State would as well ask that the above-captioned issue be dismissed because "28 U.S.C. § 2254 does not authorize federal courts to decide questions of state law" (Mello v. DiPaulo, 295 F.3d 137, 151 (1st Cir. 2002)), and whether or not Petitioner's relevant sentence ought to or ought not to have, pursuant to R.I.G.L. § 42-56-24, been "aggregated" would seem to be a quintessential question of state law.[6]

Finally, the State would respectfully point out that whatever the merit of the within 28 U.S.C. § 2254 action, release of Petitioner would not properly result as a

---

[6] As the undersigned understands it, the question at issue in the computation of Petitioner's good time credit revolves around the Rhode Island Supreme Court's decision in Gomes v. Wall, 831 A.2d 817 (R.I. 2003), which held, inter alia, that, given the provision of R.I.G.L. § 42-56-24, Gomes's sentences ought to have been considered in the aggregate and not disaggregate for purposes of computing good time credits. The Department of Corrections, on appeal of Justice Fortunato's reading of Gomes v. Wall, 831 A.2d 817, apparently believed that Gomes mandates that an executed suspended sentence is also aggregated with the service portion of the sentence in the computation of good time credits. The Department, however, argued below and now before the Supreme Court of Rhode Island, that both public policy and the purpose behind the good time statute counsel in favor of, for purposes of computing an inmate's good-time credits, disaggregating an executed suspended probationary sentence from the service portion. In

consequence of such action. On Monday October 7, 2005, Petitioner pled *nolo contendere* in the Providence County Superior Court to the amended charge of second degree murder (P1/1997-3049A), in consideration of a twenty-eight year sentence at the Adult Correctional Institutions. Thus, even if there were not procedural defects with the instant 28 U.S.C. § 2254 action, and there were merit to Petitioner's attack upon the felony assault conviction at issue in this action (P2-1997-1639A), Petitioner would still properly be confined at the Adult Correctional Institutions for some time as a consequence of his most recent second degree murder plea in P1/1997-3049A.

**C. Conclusion**

Wherefore, for the reasons expressed above, the State of Rhode Island would respectfully ask that the Petitioner's 28 U.S.C. § 2254 action be dismissed.[7]

---

any event, in due course, this issue will ultimately be decided by the Rhode Island Supreme Court.

[7] The State of Rhode Island was recently designated, by a Senior United States Magistrate Judge, a party respondent in another matter filed by Petitioner and construed as a petition for writ of habeas corpus. C.A. No. 05-455T. That matter also challenged the P2-1997-1639 felony assault conviction at issue in this case, and the State, in that

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN #4438**
**Department of Attorney General**
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

I hereby certify that on the 10th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edson Toro, Pro-Se, at his last known address of P.O. Box 8200, Cranston R.I. 02920.

---

matter, filed a motion and memorandum to dismiss, virtually identical to the within motion and memorandum.