UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Edson Toro, petitioner
VS CA NO 05-431 ML
Ashbel T. Wall, Director,
Department of Corrections
Respondent

Petitioner's objection to STATE'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

Now comes the Petitioner Edson Toro PRO-se and hereby objects to the STATE'S MOTION TO DISMISS Petitioners Habeas Corpus MATTER before this COURT

The petitioner hereby states that,

1) The STATE has withdrawn its notice of APPEAL ON CA NO P2-97-1639A pertaining to the sentence modification (See exhibit 1)

2) Contrary to the STATE'S assertion the petitioner has exhausted his STATE Remedies in regards to the STAY that was put in place by the Duty Justice of the Rhode Island Supreme COURT and Affirmed by the full court on October 28, 2005. (See exhibit 2)

3) The petitioner filed a motion to Dismiss the appeal of Judge Fortunato's ruling of September 29, 2005 in that a Habeas Corpus petition is not appealable.

4) Contrary to the States assertion the petitioner did not rely on solely on "a quintessential question of state Law". The petitioner at all times made cognizable Federal claims of violation of his rights citing Expost Facto clause Article I § 10 of United States constitution, Supreme court case Law Lynce v. Mathis 117 Sct 891 (1997), Fourteenth Amendment Due process violation, Fifth Amendment double jeopardy claims, and Hilton v Braunskill 481 U.S. 770, 774.

The petitioner claims that the stay put in place by the duty Justice on September 29, 2005 violated the well established mores of American Jurisprudence adversarial system (1) The petitioner was never given notice of the stay sought in Supreme court of Rhode Island. (2) The petitioner was never given copies of the paperwork filed on September 29, 2005 to the R.I Supreme court which were filed in order to request a stay (3) The petitioner was never given an opportunity on Sept 29, 2005 at the R.I Supreme court level before the duty Justice to contest the motion for stay, neither was counsel appointed to act as an advocate for the petitioner (4) The stay was initially put in place in an Ex parte fashion and in an arbitrary and capricious manner without regard to the four prong criteria set forth in Hilton v. Braunskill.

5) The State avers that due to the petitioner having pled Nolo-Contendere on CANO P1-1997-3049A on October 7, 2005 that there is

No relief available to this Court. The petitioner asserts that the circumstances surrounding the plea go straight to the heart of the matter before this Court. The petitioner at the behest of the prosecutor in that criminal action was prevented from being released on August 4, 2005. The petitioner spent Ninety Nine days incarcerated illegally at the time of the plea. The petitioner has spent those days in overbearing conditions of confinement locked down in administrative Segregation twenty three hours a day. The petitioner pursuant to Fed. Rule. Civil Procedure 8(c) pleads "Duress." "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose,,, or other means Amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his freewill. Heider v. Unicume 142 Or. 410, 20 P.2d 384, 385. A condition where one is induced by wrongful act or threat of another to make contract under circumstan--ces which deprive him of exercise of his free will. Hyde v. Lewis 25 ILL App. 3d 495, 323 N.E.2d 533, 537. "Duress of imprisonment - The wrongful imprisonment of a person, or the illegal restraint of his liberty, in order to compel him to do some act. 1 Bl. Comm. 130, 131, 136, 137" Blacks Law Dictionary Volume 6: NON sequitur quia nihil quod est illicitum est licitum. ( It does not follow because nothing that is illegal can be lawful.

6) Notwithstanding the above the petitioner at the time of the plea asked the

Sentencing Court whether or not pleading would prejudice the matters that the petitioner had pending in Federal Court and was answered in the negative. The petitioner specifically stated that he did not waive his rights as pertains to the matter before this court and also made a "reservation of Rights" without prejudice pursuant to U.C.C Uniform Comercial Code 1-207.

In any case the petitioner has submitted an Arrest of Judgment motion to the Sentencing Court after recieving the STATE'S MOTION to Dismiss.

Wherefore the petitioner respectfully requests that this Honorable Court deny the STATE'S Motion to dismiss Application for Habeas Corpus Relief, and grant the petitioner an opportunity to be heard before this Honorable COURT.

DATED 11-14-2005

Respectfully,
Edson Toro pro-se

Certification

I, Edson Toro, the undersighned do hereby certify that I mailed a true copy of Objection To Dismissal of Application For Application for Habeas Corpus to the office of Attorney General Appellate Division Aaron L. Weisman at 150 South Main St PROV, R.I 02903. ON 11-14-2005

Respectfully
Edson Toro