UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDSON TORO | : | |
| | : | |
| vs. | : | C.A. No. 05-431-ML |
| | : | |
| A.T. WALL, Director, | : | |
| Department of Corrections | : | |

**MEMORANDUM AND ORDER**

Edson Toro has brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking a recalculation of his "good time" and release from state custody. After review of the record and papers filed by all parties, that petition is dismissed without prejudice, for the reasons that follow.

FACTS AND BACKGROUND

Toro pled *nolo contendere* to a state charge of the felony assault (R.I.Gen Laws § 11-5-2) in Rhode Island Superior Court on May 7, 1997. He was originally sentenced to 15 years incarceration, the first five years to serve and the balance suspended with probation. Two months later in July 1997, Toro was found to have violated his probation, and the remainder of his sentence was executed.

Approximately seven and one-half years later on February 24, 2005, the executed portion of Toro's sentence was "reduced" to seven years by a state Superior Court Justice. The state Department of Corrections (DOC) subsequently recalculated Toro's "good time" credits, and as a result his release date was changed from August 1, 2005 to February 10, 2006.

Toro challenged the DOC's recalculation of his good time credits in Rhode Island Superior Court. See Dkt. No. P2-1997-1639A. On September 29 2005, the Superior Court

determined that Toro's, rather than DOC's, interpretation of the good time statute (R.I. Gen. Laws § 42-56-24), as applied to his case, was correct. The DOC appealed the Superior Court's decision to the Rhode Island Supreme Court, which stayed the Superior Court ruling and granted the DOC's petition for certiorari to review the challenged ruling. The matter currently remains pending in the Rhode Island Supreme Court.

In the meantime, on October 7, 2005, Toro pled *nolo contendere* in the Providence County Superior Court to a separate charge of second-degree murder and was sentenced to 28 years at the Adult Correctional Institution. See State v. Toro, Dkt. No. P1/1997-3049A. Toro thereafter filed a "motion for arrest of judgment" challenging his plea in the Superior Court. The status of that motion is not clear from the record here, and he currently remains incarcerated on that sentence.

On or about October 17, 2005, Toro filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his petition, Toro claims that DOC's recalculation of his good time violated his constitutional rights to "life, liberty and the pursuit of happiness" and equal protection under the Fourteenth Amendment as well as the *ex post facto* clause of the United States Constitution. The respondent A.T. Wall has filed a motion to dismiss the 2254 petition, to which Toro has not responded. Thereafter, Toro filed a motion to stay the state court proceedings involving his second-degree murder plea, which this Court denied on December 8, 2005. The petition and motion to dismiss are now ripe for adjudication.

---

[1] Toro has also filed in this Court a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 seeking declaratory relief and compensatory and punitive damages arising out of the same recalculation by DOC of his good time. See Toro v. Regine, et al, CA 05-455-T. That matter is not at issue in the instant ruling.

## DISCUSSION

It is well established that

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(citation omitted). See 28 U.S.C. § 2254(b)(1); Currie v. Matesanz, 281 F.3d 261, 267 (1st Cir. 2002)(same).

Here, Toro seeks relief from the DOC's allegedly erroneous recalculation of his good time, claiming that such recalculation violated his constitutional rights. It is undisputed that at the time the instant petition was filed, the state's appeal of the Superior Court's ruling on Toro's good time calculation (Supreme Ct. Dkt. No. 05-268-Misc.) was pending, and remains pending, in the Rhode Island Supreme Court. Thus, it is evident that Toro has not completed pursuing the claims asserted in his petition through the state courts and has not received any final decision denying relief on such claims. See Matesanz, 281 F.3d at 267 ("[S]tate prisoners cannot simply present their claims to the state trial court; they must 'invoke[ ] one complete round of the State's established appellate review process.'"), quoting Boerckel, 526 U.S. at 845.

A separate basis for dismissal of the petition comes from the long-recognized and "fundamental policy against federal interference with [ongoing] state criminal proceedings." In re Justices of Superior Court Dept. of Mass., 218 F.3d 11, 16 (1st Cir. 2000), quoting Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). Such interference by this Court is in no way warranted here.

Accordingly, the instant petition must be dismissed without prejudice due to Toro's failure to exhaust his state court remedies. Toro must first await the state court's final

adjudication of his good time claims before seeking any relief in this Court.[2]

CONCLUSION

In view of the foregoing considerations, Respondent's motion to dismiss is hereby GRANTED and the instant Petition is hereby DISMISSED without prejudice to bringing such a petition after any final decision by the state court of last resort.

So Ordered:

Mary M. Lisi
Mary M. Lisi
United States District Judge

December 16, 2005

[2] Although a final resolution of Toro's other pending state court proceeding (concerning his second-degree murder plea) is not a prerequisite to the bringing of any new §2254 habeas petition concerning his good time calculation claims, if that plea is upheld, it is questionable whether Toro has suffered any prejudice even if the DOC's good time recalculation were to be found erroneous.